UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA      )
                              )
v.                            )      No. 3:18-CR-103
                              )
SEAN MILLER PHILLIPS          )

**<u>MEMORANDUM AND ORDER</u>**

The defendant has pled guilty to being a felon in possession of firearms, in violation

of 18 U.S.C. § 922(g)(1).  [Doc. 23].  Sentencing is presently scheduled for April 1, 2021.

In May 2020, the probation officed disclosed the Presentence Investigation Report

("PSR").  [Doc. 30].  Each party filed a notice of no objections to that document.  [Docs.

32, 33].  Subsequently, and with leave of Court, the defendant filed a counseled notice of

objections.  [Doc. 41].  The United States responded in opposition to that filing and the

probation office issued a Second PSR Addendum, recommending that the objection be

overruled.  [Docs. 45, 47].

The PSR sets a base offense level of 22 pursuant to United States Sentencing

Commission Guidelines Manual ("USSG") § 2K2.1(a)(3) because the defendant, after

sustaining a felony controlled substance conviction, possessed a semiautomatic firearm

capable of accepting a large capacity magazine.  [Doc. 30, ¶ 19].  The PSR then increases

the offense level by two pursuant to USSG § 2K2.1(b)(1)(A) because the offense involved

at least three firearms.  [*Id.*, ¶ 20].  The defendant objects to that two-level increase, arguing

that there is insufficient proof that he was "in possession of" three guns.

In the plea agreement signed by the defendant and his attorney, "the defendant agree[d] and stipulate[d] to the following facts." [Doc. 23, ¶ 4]. Law enforcement executed a search warrant at the defendant's residence and located him in a bedroom with his girlfriend. [*Id.*, ¶ 4(a)]. A loaded pistol was under the defendant's pillow, a loaded rifle was on the floor beside him, and another pistol was under the girlfriend's pillow. [*Id.*]. When interviewed, "[t]he defendant stated that the three firearms found in the residence belonged to his girlfriend but *admitted that he and his girlfriend both had access to the firearms* for their protection." [*Id.*, ¶ 4(c)] (emphasis added). At his change of plea hearing, the defendant stated under oath that he agreed with the facts contained in his plea agreement.

Guideline 2K2.1(b)(1)(A) has therefore been correctly applied in this case. Firearm possession can be actual or constructive. *See United States v. Gardner*, 488 F.3d 700, 713 (6th Cir. 2007). "[C]onstructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *Id.* (citation and quotation omitted). In his plea agreement, the defendant admitted that he had access to three firearms for his protection, and he orally affirmed those facts at his change of plea hearing. Even in his PSR objection, the defendant acknowledges "admit[ing] to having been able to access the firearms in the room" and "having access to the weapons." [Doc. 41, p. 1, 3].

The defendant argues that *United States v. Louchart*, 680 F.3d 635 (6th Cir. 2012), dictates a different result. According to the defense, *Louchart* stands for the proposition

that a court cannot rely on a plea agreement to determine the applicability of guideline 2K2.1(b)(1)(A). The undersigned does not share the defendant's reading of that case.

In *Louchart*, the appllant admitted at his change of plea hearing that he possessed 16 guns. *Id.* at 636.[1] However, the PSR in that case attributed more than 200 firearms to Louchart, even though had only admitted to a far lower number at his change of plea. *Id.* The district court ultimately held Louchart accountable for possessing 75 firearms (the quantity in the indictment, simply because he had pled guilty to those charges) resulting in a higher offense level than if the appellant had only been responsible for 16 firearms. *Id.* at 636-37. On appeal, Louchart argued that he should have instead been held accountable only for the number of guns "that he admitted possessing at the plea hearing" (which is precisely what is happening in the present case). *Id.* at 637.

The Sixth Circuit agreed that 75 firearms should not have been attributed to the appellant, holding that "Louchart's guilty plea did not, by itself, amount to an admission of responsibility for" the full quantity charged in the indictment. *Id.* at 640. However, and importantly to the instant case, the Sixth Circuit recognized that that Louchart's admitted possession of 16 firearms at his plea hearing would have supported a guideline enhancement for 16 firearms (but not for 75). *Id.* at 639-40.

In this case, at his plea hearing the defendant admitted constructively possessing three firearms. The Court therefore finds by a preponderance of the evidence that guideline 2K2.1(b)(1)(A) has been correctly applied. *Louchart* does not impact that finding, as the

---

[1] In *Louchart*, there was some inconsistency in the record as to whether the appellant had admitted to 16 or 17 firearms. *Id.* at 636, n.1. That discrepancy is immaterial to the present case.

present defendant is not being held accountable for anything more than what he admitted in his plea.

The defendant's PSR objection [doc. 41] is therefore **OVERRULED**. Subject to further order of the Court, sentencing remains set for **Thursday, April 1, 2021, at 10:30 a.m.** in Knoxville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge